{¶ 16} I believe that two reasons exist to reverse the judgment in this matter. First, I agree with the principal opinion regarding the failure to fully follow the statutory procedures to partition the property. Second, I note that appellant's complaint's prayer for relief only requested that "the real property be partitioned, or ordered sold if it cannot be partitioned." Although appellant alleges that he expended seventy five percent (75%) of the monies necessary to repair the property and to pay taxes and insurance, his prayer for relief did not request a distribution of proceeds in excess of one half of the sale proceeds. In fact, appellant's prayer for relief makes no mention of the distribution of proceeds at all.
 {¶ 17} Civ.R. 54(C) provides that a default judgment shall not be different in kind or exceed in amount that which was prayed for in the demand for judgment. Because appellant did not request seventy five percent (75%) of the sale proceeds in his complaint, I would also hold that Civ.R. 54(C) bars him from such distribution on a default judgment.[2]
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THIS CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion with Concurring Opinion Kline, J.: Concurs in Judgment and Opinion and Concurs in Concurring Opinion.
[2] In the first averment of the complaint, appellant states that he and appellee each own an "undivided one-half interest" in the property. This suggests that a distribution of proceeds should be equal. Although appellant alleges later in his complaint that he expended seventy five percent (75%) of monies necessary to maintain the property, he did not specifically request that kind of distribution in his prayer for relief. In light of the desire to resolve cases on their merits when possible, I believe that at this juncture the interests of justice requires that we do not allow appellant to recover a seventy five percent (75%) distribution on the default judgment.